1

2

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*

3

TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*

4

TRAN NGUYEN (SBN 301593)

5

*tran@jackfitzgeraldlaw.com*

6

Hillcrest Professional Building
3636 Fourth Avenue, Suite 202

7

San Diego, California 92103

8

Phone: (619) 692-3840
Fax: (619) 362-9555

9

*Counsel for Plaintiff Zenbu Magazines LLC,*

10

*and the Putative Class*

11

**UNITED STATES DISTRICT COURT**

12

**NORTHERN DISTRICT OF CALIFORNIA**

13

14

| | |
|---|---|
| | Case No.:  15-cv-311 |
| | |
| | <u>CLASS ACTION</u> |
| ZENBU MAGAZINES LLC, on behalf of itself and all others similarly situated, | |
| | **COMPLAINT FOR:** |
| Plaintiff, | |
| | **VIOLATION OF CAL. CIV. CODE § 980(a)(2);** |
| v. | |
| | **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.;** |
| RDIO, INC., | |
| | **MISAPPROPRIATION; and** |
| Defendant. | |
| | **CONVERSION** |
| | |
| | <u>DEMAND FOR JURY TRIAL</u> |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Zenbu Magazines LLC ("Zenbu"), on behalf of itself, all others similarly

2  situated, and the general public, by and through its undersigned counsel, hereby brings this

3  action against defendant Rdio, Inc. ("Rdio"), and alleges the following upon its own

4  knowledge, or where it lacks personal knowledge, upon information and belief including the

5  investigation of its counsel.

6                              **INTRODUCTION**

7    1.    Rdio operates and offers to the general public a streaming music service called

8  Rdio Music, which is available through an Internet browser, as well as through applications

9  for Android, Apple (iOS), and Windows smartphones and tablets.

10   2.    Included in the Rdio Music library are sound recordings of musical

11 performances that initially were fixed (that is, in a tangible medium, *i.e.*, recorded) prior to

12 February 15, 1972, for which Rdio has not obtained the recordings' owners' authorization to

13 perform, and for which Rdio does not and has not paid the recordings' owners royalties or

14 licensing fees when it performs the recordings.

15   3.    Rdio has copied tens of thousands of pre-1972 recordings to its servers,

16 transmitting and performing them via Rdio Music to its millions of users on a daily basis,

17 without any authorization. Rdio profits from its unauthorized reproduction, distribution, and

18 public performance of pre-1972 recordings by charging subscription fees to its users, and by

19 selling advertisements, without paying royalties or licensing fees for pre-1972 recordings.

20   4.    Because Rdio operates Rdio Music without licenses for pre-1972 recordings,

21 Rdio is liable under California law for violation of Cal. Civ. Code § 980(a)(2), violation of

22 Cal. Bus. & Prof. Code §§ 17200, *et seq.*, misappropriation, and conversion.

23   5.    Zenbu owns all right, title and interest in and to a library of pre-1972 sound

24 recordings, which includes at least one recording that Rdio has reproduced, distributed, and

25 performed without paying Zenbu any licensing fees, specifically "Sin City," by The Flying

26 Burrito Brothers, off the Album, "The Gilded Palace of Sin," which was fixed in 1969. Zenbu

27 brings this action on behalf of itself and similarly-situated owners of pre-1972 copyrights to

28

1

1    sound recordings that have been reproduced, distributed, and performed by Rdio without

2    paying royalties or licensing fees.

3    **THE PARTIES**

4        6.      Plaintiff Zenbu Magazines LLC is a New York limited liability company with

5    its principal place of business in Brooklyn, New York.

6        7.      Defendant Rdio, Inc. is a Delaware corporation with its principal place of

7    business at 1550 Bryant Street, Suite 200, San Francisco, California 94103.

8    **JURISDICTION AND VENUE**

9        8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §

10    1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the

11    sum or value of $5,000,000 exclusive of interest and costs and at least one member of the

12    class of plaintiffs is a citizen of a State different from defendant. In addition, more than two-

13    thirds of the members of the class reside in states other than the state in which defendant is a

14    citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28

15    U.S.C. § 1332(d) do not apply.

16        9.      The Court has personal jurisdiction over defendant pursuant to Cal. Code Civ.

17    P. § 410.10, as a result of defendant's substantial, continuous and systematic contacts with

18    the State, and because defendant has purposely availed itself of the benefits and privileges of

19    conducting business activities within the State.

20        10.      Venue is proper in this Northern District of California pursuant to 28 U.S.C. §

21    1391(b) and (c), because defendant resides (i.e., is subject to personal jurisdiction) in this

22    district, and a substantial part of the events or omissions giving rise to the claims occurred in

23    this district.

24    **INTRADISTRICT ASSIGNMENT**

25        11.      Pursuant to N.D. Cal. Civ. L.R. 3-2(c), (d) & 3-5(b), this action is properly

26    assigned to the San Francisco or Oakland Division because the action arises in San Francisco

27

28

2

1  in that a substantial part of the events or omissions which give rise to plaintiff's claims

2  occurred in San Mateo, where Rdio resides.

3  **FACTS**

4      12.    Rdio Music is provided by Rdio to paying and non-paying members of the public

5  throughout the United States. Rdio delivers and streams music through its website

6  (www.rdio.com), or via downloadable applications for Android, Apple (iOS), and Windows

7  smartphones and tablets. In marketing Rdio Music, Rdio represents that it "offers a catalog

8  of over 30 million songs," with its "mission . . . to provide access to every song, on every

9  device, anywhere in the world instantly, online or offline . . . ."

10      13.    Rdio provides Rdio Music on a free basis, and on a subscription basis for $9.99

11  per month, which offers additional features (such as the ability to listen to music offline), and

12  no advertisements.

13      14.    Among the sound recordings that Rdio publicly performs, reproduces, and

14  distributes on an ongoing and regular basis are pre-1972 recordings, including at least one for

15  which Zenbu owns the sound recording copyright, specifically "Sin City," by The Flying

16  Burrito Brothers, from the Album, "The Gilded Palace of Sin," which was fixed in a tangible

17  medium (*i.e.*, recorded) in 1969.

18      15.    In order to stream music recordings to the public, Rdio has reproduced and

19  copied, and continues to reproduce and copy, pre-1972 recordings, including to one or more

20  servers and storage devices, and uses technology or systems that result in a copy of pre-1972

21  recordings being distributed to its subscribers' computers or storage devices.

22      16.    Rdio is aware that it does not have any license, right, or authority to reproduce,

23  perform, distribute, or otherwise exploit via Rdio Music any pre-1972 recordings, including

24  pre-1972 recordings owned by Zenbu.

25      17.    Rdio is also aware which of the recordings it reproduces, performs, and

26  distributes or otherwise exploits via Rdio Music are pre-1972 recordings.

27

28

*Zenbu Magazines LLC v. Rdio, Inc.*, No. 15-cv-311
CLASS ACTION COMPLAINT

1

**CLASS ACTION ALLEGATIONS**

2    18.    Zenbu seeks to represent a class comprised of all owners of sound recordings of

3 musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972,

4 which sound recordings were reproduced, performed, distributed, and/or otherwise exploited

5 by Rdio via Rdio Music, and for which Rdio was not authorized or licensed to reproduce,

6 perform, distribute, or otherwise exploit.

7    19.    Numerosity – The members in the proposed class are so numerous that

8 individual joinder of all members is impracticable, and the disposition of the claims of all

9 class members in a single action will provide substantial benefits to the parties and Court.

10    20.    Commonality – Common questions of law and fact exist as to all members of

11 the putative class and subclass, which do not vary from member to member, and which may

12 be resolved without reference to individual facts and circumstances include, without

13 limitation:

14        a.    Whether Rdio reproduced, performed, distributed or otherwise exploited

15              via Rdio Music pre-1972 sound recordings;

16        b.    Whether Rdio was authorized by the owners of the sound recording

17              copyrights to reproduce, perform, distribute, or otherwise exploit the

18              sound recordings via Rdio Music pre-1972 sound recordings;

19        c.    Whether Rdio paid royalties or licensing fees for pre-1972 sound

20              recordings that it reproduced, performed, distributed, or otherwise

21              exploited via Rdio Music;

22        d.    Whether Rdio's reproduction, performance, distribution, or other

23              exploitation via Rdio Music of pre-1972 sound recordings constitutes a

24              violation of Cal. Civ. Code § 980(a)(2);

25        e.    Whether Rdio's reproduction, performance, distribution or other

26              exploitation via Rdio Music of pre-1972 sound recordings constitutes an

27

28

4

unfair business practice in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

f.     Whether Rdio's reproduction, performance, distribution or other exploitation via Rdio Music of pre-1972 sound recordings constitutes misappropriation;

g.     Whether Rdio's reproduction, performance, distribution or other exploitation via Rdio Music of pre-1972 sound recordings constitutes conversion;

h.     The proper equitable, injunctive, and prospective relief;

i.     The proper amount of actual or compensatory damages;

j.     The proper amount of restitution or disgorgement;

k.     The proper amount of punitive damages; and

l.     The proper amount of reasonable litigation expenses and attorneys' fees.

21.    Typicality – Zenbu's claims are typical of the claims of members of the class in that they are based on the same underlying facts, events, and circumstances relating to Rdio's conduct. Zenbu's interests are consistent with, and not antagonistic to, those of the other class members it seeks to represent.

22.    Adequacy – Zenbu will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action and music copyright litigation.

23.    Predominance – Questions of law and fact common to the class predominate over any questions affecting only individual class members.

24.    Superiority – Class treatment is superior to other options for resolution of the controversy because individual litigation of the claims of all class members is impracticable. The claims of the individual members of the class may range from small sums to larger sums. For those class members with smaller claims, the expense and burden of individual litigation may not justify pursuing the claims individually. Moreover, even if every class member could

5

1  afford to pursue individual litigation, that would greatly tax the court system, as well as

2  present potential for varying, inconsistent, or contradictory judgments, and magnify the delay

3  and expense to all parties and the court system resulting from multiple trials of the same

4  factual issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 980(a)(2)

8  25.  Zenbu realleges and incorporates the allegations elsewhere in the Complaint as

9  if fully set forth herein.

10  26.  Pursuant to Cal. Civ. Code § 980(a)(2), Zenbu and members of the putative class

11  possess exclusive ownership interests in and to pre-1972 recordings, including the artistic

12  performances embodied in those recordings.

13  27.  Through its unauthorized reproduction, performance, distribution, or other

14  exploitation via Rdio Music of pre-1972 sound recordings (including the Zenbu Pre-1972

15  Recordings), Rdio has infringed Zenbu's and the class members' exclusive ownership

16  interests in and to the pre-1972 recordings, in violation of Cal. Civ. Code § 980(a)(2).

17  28.  As a direct and proximate consequence of Rdio's violation of Cal. Civ. Code §

18  980(a)(2), Rdio has received and retained money and value that rightfully belong to Zenbu

19  and members of the class.

20  29.  As a direct and proximate consequence of Rdio's violation of Cal. Civ. Code §

21  980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet

22  fully ascertained, but which likely is many millions of dollars.

### SECOND CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

25  30.  Zenbu realleges and incorporates the allegations elsewhere in the Complaint as

26  if fully set forth herein.

27

28

31.     The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

### Unfair

32.     Rdio's conduct as alleged herein was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

33.     Rdio's conduct as alleged herein was also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including without limitation Cal. Civ. Code § 980(a)(2).

### Unlawful

34.     Rdio's conduct as alleged herein was "unlawful" within the meaning of the UCL because it was in violation of Cal. Civ. Code § 980(a)(2).

### THIRD CAUSE OF ACTION
### MISAPPROPRIATION

35.     Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

36.     Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and members of the class possess exclusive ownership interests in and to the pre-1972 recordings, including the artistic performances embodied in those recordings.

37.     Zenbu and members of the class, and their predecessors-in-interest, invested substantial time and money developing the pre-1972 recordings reproduced, performed, distributed, and otherwise exploited by Rdio via Rdio Music.

38.     Because Rdio does not obtain licenses to pre-1972 recordings, it does not incur any of the costs that a licensee is otherwise obligated to pay in order to reproduce, perform, distribute or otherwise exploit via Rdio Music pre-1972 recordings.

39.     Rdio has misappropriated, and continues to misappropriate, for its own commercial benefit, the exclusive ownership interests in and to the pre-1972 recordings, by

7

1  reproducing, performing, distributing, or otherwise exploiting via Rdio Music pre-1972

2  recordings.

3      40.    As a direct and proximate consequence of Rdio's misappropriation, Rdio has

4  received and retained money and value that rightfully belongs to Zenbu and members of the

5  class.

6      41.    As a direct and proximate consequence of Rdio's violation of Cal. Civ. Code §

7  980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet

8  fully ascertained, but which likely is many millions of dollars.

9      42.    Rdio acted with oppression, fraud, or malice. Rdio's conduct was undertaken in

10  conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu

11  and each member of the class is entitled to an award of punitive damages against Rdio in an

12  amount sufficient to punish and make an example of Rdio, so as to discourage Rdio and others

13  from engaging in the same behavior in the future.

### FOURTH CAUSE OF ACTION

### CONVERSION

16      43.    Zenbu realleges and incorporates the allegations elsewhere in the Complaint as

17  if fully set forth herein.

18      44.    Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and

19  members of the class possess exclusive ownership interests in and to the pre-1972 recordings,

20  including the artistic performances embodied in those recordings.

21      45.    By reproducing, performing, distributing or otherwise exploiting via Rdio Music

22  pre-1972 recordings, Rdio has converted for its own use the property rights of Zenbu and

23  each member of the class, in the pre-1972 recordings, and has dispossessed Zenbu and each

24  member of the class of their property rights.

25      46.    As a direct and proximate result of its conversion, Rdio has received and retained

26  money and value that rightfully belongs to Zenbu and members of the class.

27

28

*Zenbu Magazines LLC v. Rdio, Inc.*, No. 15-cv-311
CLASS ACTION COMPLAINT

47.   As a direct and proximate consequence of Rdio's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is in the millions of dollars.

48.   Rdio acted with oppression, fraud, or malice. Rdio's conduct was undertaken in conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages against Rdio in an amount sufficient to punish and make an example of Rdio, so as to discourage Rdio and others from engaging in the same behavior in the future.

## PRAYER FOR RELIEF

49.   Wherefore, Zenbu, on behalf of itself, all others similarly situated, and the general public, prays for judgment against Rdio as to each and every cause of action, including:

a.   An Order declaring this action to be a proper class action, appointing Zenbu and its counsel to represent the class, and requiring Rdio to bear the cost of class notice;

b.   An Order permanently enjoining Rdio from, without license, reproducing, performing, distributing, or otherwise exploiting via Rdio Music pre-1972 recordings;

c.   An Order permanently enjoining Rdio, and its agents, servants, directors, officers, principals, employees, representative, subsidiaries, parents, affiliates, successors, assigns, and those acting in concert with them or at their direction, from infringing, misappropriating, or converting, directly or indirectly, Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 recordings, including the artistic performances embodied in those recordings, including without limitation by directly or indirectly reproducing, performing, distributing, or otherwise exploiting via Rdio Music the pre-1972 recordings;

d. An Order requiring Rdio to pay Zenbu and the class compensatory damages on any cause of action where such damages are allowable;

e. An Order requiring Rdio to pay Zenbu and the class restitution to restore all funds acquired by means of any act or practice declared by the Court to be unlawful or unfair;

f. An Order requiring Rdio to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

g. An Order requiring Rdio to pay punitive damages on any causes of action so allowable if Zenbu proves Rdio's conduct was knowing, willful, malicious, oppressive, or reckless;

h. An Order requiring Rdio to pay pre- and post-judgment interest on any monetary amounts awarded;

i. An Order requiring Rdio to pay fees and costs, including reasonable attorneys' fees, incurred in pursuing this action; and

j. An Order providing for all other such equitable relief as may be just and proper.

///

///

///

///

///

///

///

///

///

///

10

*Zenbu Magazines LLC v. Rdio, Inc.*, No. 15-cv-311
CLASS ACTION COMPLAINT

**JURY DEMAND**

50.    Zenbu hereby demands a trial by jury on all issues so triable.


Dated: January 22, 2015          /s/ *Jack Fitzgerald*
                                 By: Jack Fitzgerald
                                 **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                 JACK FITZGERALD (SBN 257370)
                                 *jack@jackfitzgeraldlaw.com*
                                 TREVOR M. FLYNN (SBN 253362)
                                 *trevor@jackfitzgeraldlaw.com*
                                 TRAN NGUYEN (SBN 301593)
                                 *tran@jackfitzgeraldlaw.com*
                                 Hillcrest Professional Building
                                 3636 Fourth Avenue, Suite 202
                                 San Diego, California 92103
                                 Phone: (619) 692-3840
                                 Fax: (619) 362-9555

                                 ***Counsel for Plaintiff Zenbu Magazines LLC,
                                 and the Putative Class***